The total of four cases, two of them are being submitted on the brief without argument. Those are Appeal 1304, In re Vida Nathan and Appeal 5110, Castro v. United States. On the argument list, we'll hear argument first in Appeal 1168, Carter v. ALK Holdings. Mr. Ward, good morning to you. Welcome to the court. Please proceed. Good morning, Your Honors. I'm Bob Ward. I represent the sanctioned attorney in this case. Regrettably, this is a sanctions case and nothing else, virtually. Could you help me understand what happened here a little bit better? Did the patent application that is talked about here result in an issued patent? Not as yet. It's still pending? It is. The parties themselves have lost interest in this lawsuit. I'm advised that my client's patent application is pending, and the defendant has abandoned their patent application that was the subject matter of this lawsuit. So what we have now is this satellite litigation. So the patent application that's pending names Carter as the sole inventor? Yes, that's correct. The other side abandoned their application where they had named both parties as co-inventors. I see. I'm now with the firm of Thompson-Hein, and the sanctioned attorney, Mr. Kaplan, is now with the firm of Woodcock, Washburn. Neither of those firms is involved in this appeal. We have three counts for which sanctions were granted, 1, 8, and 11, and they are respectively a constitutional count, a malpractice count, and a breach of fiduciary count. Significantly, Judge Camp, senior district court now, a very fine judge, stated in his opinion, The court is not unsympathetic to Carter's plight. His allegations related to the attempted theft of his invention are troublesome,  Unfortunately, this court is unable to provide Carter with the relief he seeks. If Carter was to vindicate his rights, it must be in the PDO for his claims related to inventorship, and in the Georgia state courts for his claims related to defendants' bad faith. What is your point? I don't understand what the significance of that comment is by Judge Camp. Because it's wrong, he says that relief, where an underlying issue of patent law must be decided, that relief must be in the Georgia state courts. And of course, in the air pressure case and the immunity case... What does that statement have to do with whether his ruling on the sanctions is a reversible error? Because we would respectfully submit that the district court's underlying decision was wrong, that when he said that there was no good faith basis for bringing a malpractice claim, where in federal court, where an underlying issue of patent law had to be decided, where he dismissed that and said that that was... But you're saying there is jurisdiction because the malpractice claim is determined by federal law, therefore there's federal jurisdiction. Absolutely. But what about the other two counts here that he found to be false? Well, it's count 8. Count 11, unfortunately the district court mischaracterized what count 11 said. Count 11 said that, in essence, that it was breach of fiduciary duty to induce the patent office to violate the secrecy provisions of 122. Would you read that count? Yes, sir. All right. Starting with the 102. Paragraph 102, incorporated by reference of the prior 101 paragraphs, 103. As alleged above in the complaint, Randall B. Carter is the one and true inventor of all the subject matter of the patent application. Paragraph 104. This knowledge was known at all times by Michael D. Hasselbrock, John Doe, that's the attorney, and Curtis B. Taylor, the listed co-inventors of the provisional application. Paragraph 105. 35 U.S.C. 122 provides that applications for patent shall be kept in confidence by the patent and trademark office. 106. Through the unlawful listing of co-inventors Curtis P. Taylor and Michael D. Hasselbrock, the subject matter of the patent application was intentionally disclosed to an unauthorized individual in contravention of 35 U.S.C. section 122. 107. The intentional act by John Doe and so on and so forth. I'm not understanding what the allegation is. How did the PTO violate 122? By disclosing what to whom? The theory that Mr. Kaplan put forth was that information concerning the patent application had been submitted to individuals that should not have received the information. Which individuals? The mis-joined, incorrectly joined inventors, Mr. Taylor and Mr. Hasselbrock, and that that had happened. It's a violation of 122 to disclose a patent application to somebody who's named on the patent application? The way I read this, Your Honor, is that I agree with that point. I don't think it is, but the way I read this is that this pleads inducement of the Patent Office to give out information, and but for that inducement, the Patent Office would not have done that. The word inducement or any variant isn't in the language, is it? Those words are not there in Hyde-Verba, but that's... Well, is there any proxy phrase in there? Through the unlawful listing of the co-inventors. That's as close as I can come to that, but I believe that that's what Mr. Kaplan intended. Doesn't your argument really have to be that assuming or accepting that that theory is wrong, that nonetheless this is not a Rule 11 sanctionable event? Yes, ma'am. Yes, Your Honor. These counts were brought in good faith. Mr. Kaplan believed that they were least colorable. There were 13 counts, I think, in the case. This count, if you'll notice the way it was briefed and the attention given to it by the District Court, they cited no cases at all that were on point in regard to this count. What does good faith have to do with it? I thought the case law was clear that the test is objective, and no one that I'm aware of made any finding of bad faith on the part of the pleader, Mr. Kaplan. My understanding from reading it is that the ruling of the court was that no reasonable lawyer could have thought that there was a claim here based on the duty of the patent office to not publish things that shouldn't be published. I believe that Mr. Kaplan brought this in modification for extension of existing law. There doesn't seem to be any existing law, though, at least in terms of case law. In any event, to sanction a lawyer... But you're arguing that he acted in good faith, and I'm accepting that. It's not relevant because he wasn't found to have acted in bad faith. He was found to have acted in a way that no reasonable lawyer could have. So the bad faith point seems irrelevant to me. In this case, not in every case, but in this case. I think that's fine. And so then you're saying, okay, but it was for an extension of existing case law. But how could that be? Well, extension or modification of existing law, but there isn't any... This is a case of first impression, as far as I can see. No, but Judge Camp, I think, effectively ruled that no reasonable lawyer, looking at that provision, could file a claim alleging violation or inducement to violate that provision. If that was a sound conclusion, then the sanctions would have to stand. If there is something demonstrably unsound about that conclusion, then the sanctions can't stand. So it seems to me what I need you to explain is not that the judge didn't cite case law, but that the judge's conclusion is unreasonable. I believe that the judge read this as stating that the count sought to use 122 to enforce 122 against private individuals. And if it did say that, I think the judge would be right. But I don't believe it does say that. It says that an attorney induced, through misjoinder of inventors who shouldn't have been joined, that it didn't tell the truth to the Patent Office, that the Patent Office didn't give information about that case to those individuals. Which case? If I understand what you told me earlier, there were two applications. There was the Carter application and there was the joint application. Were those pending at the same time? Yes. Who was the lawyer on the Carter application?  Okay. And so, which is the allegation here that the Carter application was disclosed to the inventor on the joint application? No. The other application where they had been joined as inventors, but... Was disclosed to the joint inventor. Right. I don't understand that. I mean, I don't even understand the theory. Even assuming that Section 122 would create some sort of inducement liability, if somebody induced the Patent Office to violate 122. I don't understand how the Patent Office violates 122 by telling the named inventors about the application that's in front of it. Mr. Kaplan believed that it was a breach of fiduciary duty for an attorney representing two conflicting parties to misjoin those parties. That was his theory. Yeah, but the trouble is how do you relate that to 122? I mean, there are counts here that talk about the conflict of interest and possible unethical, but I'm having a hard time seeing how you fit that under 122. Or under the Constitution. That's the problem. Well, let me address the constitutional issue. Mr. Kaplan. It's really the same issue, isn't it? 122 seems to put an obligation on the Patent Office to observe appropriate confidentiality. But it doesn't, in any text, suggest, at least to me, directly or indirectly, that it creates any private cause of action for an alleged inducement of a violation. And on the constitutional claim, it's exactly the same. The constitutional clause seems to authorize, maybe even, let's say, encourage, the Congress to pass a patent statute. But there's not the slightest hint in that part of the Constitution that it's creating a private right of action. So how can any reasonable lawyer think that it does? Well, I've explained what I believe, Your Honor. If the Court would like me to address the constitutional issue of Mr. Kaplan's theory there, it was that an invention is property, that the patent clause speaks of securing rights, not of creating rights, that there was no debate at the Constitutional Convention about what securing meant, that there's no authoritative case law that anybody has cited in any of the briefs here. But it can't be the law that a pleading is immune from Rule 11 sanctions solely on the ground that there isn't a holding of a court blocking that claim. That can't be the law. You're not saying that's the law, are you? No, I'm not. But I am saying that Rule 11 itself does provide for extension, modification, or reversal of existing law. Yeah, if the theory is non-frivolous, the word non-frivolous is right in the rule. And, in effect, Judge Camp found it was a frivolous argument to extend, not a non-frivolous argument to extend. So either he was right or he was wrong, and you've got to show us why he was wrong in order to prevail, I think. That's what he found in Section 122. And what I am saying on the Constitutional count is that the patent clause speaks of securing rights and not of creating them. But you might have a theory that the patent clause was violated if somebody applied for an invention and was denied a patent. Conceivably, that would be a violation of the patent clause. But that's not the allegation here. The allegation here is that the lawyer had a conflict of interest and that somehow the patent clause deals with that situation. I'm having a hard time seeing that. Well, again, Mr. Kaplan's theory was that these actions by the attorney had resulted in a denial of the constitutional rights of the applicant. He wasn't denied any rights. The other application was withdrawn. This one's pending. Correct. As to this particular application, that was the theory on that. He did have his own application, yes, which is going forward. Does the constitutional language in the same clause authorizing Congress to declare war create a private cause of action? Could any reasonable lawyer think there's a private cause of action because Congress was constitutionally granted the power to declare war? No, but the power… …and a grant to the Congress of the power to declare war. As we've said, the patent clause uses the word securing rights, which means that there are underlying rights. And if an invention is property, there are underlying rights. So Mr. Kaplan's theory then was that there should be a constitutional right to proceed here because of the use of the word securing rights. And, of course, that's different from the war clause materially. I think perhaps we needn't belabor this aspect because we know that in the copyright area, Article I, Section 8 has been cited in various ways to support, to advance the progress of science. But the question is, and I think what troubled the district judge, was that these were the three counts that could have provided federal jurisdiction. Isn't that right? That none of the others would have left the case in federal court, that one of these would have had to have gotten at least across this Rule 11 threshold. Is that right? Yes. Yes, Your Honor. That was his theory, and I would point out that as to Count 8, the Immunicept case and the Air Measurement case are right on the money as to Count 8. Right on the money. Mr. Ward, do you have personal, at least potential, liability here? Yes, Your Honor, if I may. Because you were in the firm of Mr. Kaplan at the time the pleading in question was filed, right? I believe I was, but I had not entered an appearance in this case. No, no, I understand that. That's why I said you were in the firm. I didn't say you were in the case, you were in the firm. I don't believe I did have liability. I was a senior lawyer or something. I don't believe I was. Well, I thought the case law was pretty clear that if a firm is sanctioned, the sanction can be based on the conduct of employees, associates, or partners. I was not involved in this case. No, I understand that. But that suggests that the liability is shared. I was not a partner. I was not involved in this case. I had not entered an appearance in this case until much later, until Mr. Kaplan had, until it became my duty to try to defend my partner. And there is a Rule 38 motion before the court asking for $60,000 against me personally. If the court would allow me to address that briefly, I'd appreciate it. They have submitted a petition to the court that contains a variety of contentions about what they supposedly did on this appeal. It sets forth a huge amount of legal research that they supposedly did. They came up with three cases. We don't believe any of those are on point. Well, I thought your fundamental point was there's no liability because there's no frivolity in the appeal. Now you seem to be quibbling about the amounts that they sought. No, I don't want to do that. You know, I'm just pointing out that the paper they submitted bills for seven persons, and they use it as a summer training project. They've got billing in there for 16 months while this case was on bankruptcy stay. And from my perspective, to point to throw brick bats at another lawyer who's trying to defend the reputation of his former partner, I think it's untoward, and this appeal is certainly not brought in in that context. And indeed, we know what the defendants think of the appeal. They've said on their sheet that they're not going to come and argue today because the appeal is frivolous. Well, I don't consider Mr. Kaplan's professional reputation to be a frivolous matter, and that's why I'm here to answer the questions of the court. So I would respectfully submit, Your Honor, that at least as to count eight, there should be a reversal. And once count eight is reversed, that's—the court is very familiar with the unicept and error measurement decisions. 504, Fed 3rd, 1262, and 504, Fed 3rd, 1281, which distinctly hold that where there's an underlying question of the patent law to be decided, that Section 1338 jurisdiction is clear, and that is exactly what count eight pleads. It pleads malpractice based upon violation of 35 U.S.C. and 37 CFR. It's exactly the same situation in the air pressure case. So once count eight stands, it's a 1338 case, we believe that a material portion of the district court's view on the case is significantly undermined. And it's our belief that if the judge had gotten that one right, and he didn't, that as to the other two counts, he would not have issued sanctions for $10,000 a count. And if you look at the amount of briefing on this, the amount of briefing by the other side was about that much on both of those. So we would respectfully petition the court to reverse, as I said, at least as to count eight, and having reversed count eight, to reverse the remainder, and if... Well, wait a minute. If your argument is that if we were persuaded that the judge was wrong as to count eight, and we reversed the sanction ruling because of the error on count eight, wouldn't we have to send it back to the judge on remand to see whether he would nevertheless impose sanctions, and if so, in what amount? Maybe not $27,000, maybe only $20,000 or whatever, but to just reverse everything doesn't seem to follow from your argument that he may have been wrong as to eight, even if we agree with you that he was wrong to eight. Wouldn't we have to remand? Perhaps. I'm not sure, Your Honor. Well, you said yourself it's not clear that he would have imposed the same sanction, if any sanction, roughly $10,000 per count, if one of these counts was knocked out. That would only leave the other two. So the thrust of your argument was he might have come to a different outcome if he had only had two in front of him instead of three. To me, I see no way that we could deal with that, even if we were persuaded by you with respect to count eight, other than to remand. I think a remand would be appropriate, Your Honor. Yes, I do. All right. Well, thank you very much. We'll take the appeal under advisement. Thank you so much for your kindness. Thank you for your attention. Thank you for your questions.